Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2681 | **DATE** | 4/15/2004 |
| **CASE TITLE** | Ester vs. Principi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court grants defendant's motion for summary judgment in its entirety. All pending dates and motions are hereby terminated as moot. Terminating case. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 4-16-04 date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | | | 46 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MACARTHUR ESTER, )
)
    Plaintiff, )
)
v. ) No. 99 C 2681    APR 1 0 2004
)
ANTHONY J. PRINCIPI, )
SECRETARY OF VETERANS )
AFFAIRS, )
)
    Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant's motion for summary judgment. For the reasons stated below we grant the motion in its entirety.

## BACKGROUND

Plaintiff MacArthur Ester ("Ester") began employment as a GS-7 computer operator with the Department of Veterans' Affairs in Hines, Illinois ("VA") in 1975. In January 1991 Ester was promoted to a GS-10 assistant shift supervisor position. Ester was subsequently promoted to a GS-11 assistant shift supervisor position. In December of 1993 the VA posted an open position for a GS-12 supervisory computer operator position. In January of 1994 a panel was formed to interview

1

candidates for the GS-12 position. The panel was convened in part because of questions about the fairness of the selection process raised by Ester. The panel interviewed three candidates including Ester. Based upon scores given by panel members, the panel decided to recommend Dorothy Pruit ("Pruit") for the position. The panel forwarded its recommendation to Benjamin Duncan ("Duncan") who in turn accepted the recommendation of the panel and selected Pruit for the position. Ester subsequently filed a complaint of discrimination alleging that he was not selected for the GS-12 position because of his gender and in retaliation for prior discrimination complaints.

The prior judge in this case granted Defendant's motion for summary judgment in this case on February 24, 2000 on the basis that Ester had not exhausted his administrative remedies. The Seventh Circuit reversed the district court's judgment and remanded the case. Defendant has now filed a motion for summary judgment based upon Defendant's contention that Ester's claims cannot survive the scrutiny of a summary judgment motion analysis.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Gender Discrimination Claim

We note that there are references to some individuals' race including that of Ester in his filings, but the references are merely descriptive and the discrimination

3

claim is solely based on allegations concerning his gender. For example, Ester begins his complaint by referring to himself as an "African-American former employee" and Ester indicated during his deposition that no African-American men were promoted beyond GS-9 or GS-11. However, Ester clearly indicates in his complaint, in the discrimination claim section, that he was discriminated against because of his sex. There is no mention of race in the discrimination section of the complaint. In addition there is no mention of Ester's race in his answer to the instant motion.

Although, there are descriptive references to individuals' race in Ester's Local Rule 56.1 response and 56.1 statement, it is clear that Ester is solely asserting a gender discrimination claim and not a race discrimination claim. For example, in Ester's answer to the instant motion Ester argued that "Duncan discriminated against men in favor of women." (Ans. 10). Ester begins his 56.1 statement of additional facts by stating that "Duncan treated women under his supervision differently than men [and] he was flirtatious toward women and would talk to them in a softer tone and hug and put his arm around them." (A SF 24). Also, in his statement of additional facts Ester states that his discrimination claim is based upon the alleged fact that Defendant "routinely refused to advance African-American males in higher graded positions while promoting African-American females over the males who are equally and, in some instances, more qualified." (A SF 29). Thus, there are descriptive references to race in some of the documents presented by Ester, but Ester's complaint and briefs indicate that his discrimination claim is based solely on

4

alleged discrimination against Ester because of his gender.

If employer in a Title VII discrimination case brings a motion for summary judgment, the plaintiff can proceed under the direct or indirect method of proof in order to defeat the motion. *Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Under the direct approach, the plaintiff can show through direct or circumstantial evidence that the alleged harmful action of the employer was "motivated by an impermissible purpose, such as [his] race or national origin." *Id.*

To establish a *prima facie* case of discrimination based upon a failure to promote, a plaintiff must show that: 1) he is a member of a protected group under Title VII, 2) he was qualified for the position sought, 3) he was not chosen for the position sought, and 4) the employee chosen for the position was "not a member of the protected group and was not better qualified than the plaintiff." *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001). Ester does not present evidence sufficient to proceed under the direct method of proof and will therefore need to proceed under the indirect method. If a *prima facie* case is established then there is a rebuttable presumption of discrimination and the employer is required to offer a "legitimate, non-discriminatory reason for the adverse employment action." *Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). If the employer provides such a reason, the plaintiff must then show that the reason alleged by the employer is merely a pretext for discrimination. *Id.*

Defendants contend that Ester cannot establish the fourth element of the *prima facie* case which requires a plaintiff to establish that the employee promoted was not

5

better qualified than the plaintiff. *Johnson*, 260 F.3d at 732. Ester admits pursuant to Local Rule 56.1 that the interview panel was "diverse in its makeup comprising one [sic] African American Male [sic], Anthony Orr, one white male, John Fabbrini, and one African American female, Joceyln Clark." ( R SF 10). Ester admits pursuant to Local Rule 56.1 that the panel was in fact created in part because of Ester's concerns about fairness. ( R SF 11). Ester admits pursuant to Local Rule 56.1 that on January 24, 1994 he "sent a letter to VA management thanking them for convening the selection panel, and further stating that 'this procedure can be the most honest and just that has been practiced in all of the years that I have worked here.'" ( R SF 14). Ester denies this statement of fact, but he merely attempts to explain the contents of his letter and fails to support his denial, thereby admitting the fact that he sent such a letter. Ester admits pursuant to Local Rule 56.1 that the interview panel rated the qualifications of the three applicants and Ester admits the he received the lowest score of the three candidates. ( R SF 13). Ester admits Pursuant to Local Rule 56.1 that he testified at his deposition that he had no experience in personnel or human resources matters or the criteria used for selection for the GS-12 supervisory computer operator position at the VA in 1994. Ester's self serving conclusion that he was the best qualified applicant is not sufficient to create a genuine issue of material fact. *See Dunn*, 260 F.3d at 787(stating that a plaintiff in showing how qualified he was for a position must "present more than his own, subjective self-appraisal to create a genuine issue of fact."). Therefore, no reasonable trier of fact could conclude that Pruit was not better qualified than Ester.

*See Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1007 (7th Cir. 2002)(refusing to second guess the defendant employer's determination regarding qualification of employee that was chosen for the position and stating that the "courts do not sit as super-personnel departments to second guess an employer's facially legitimate business decisions.").

Also, in some reverse discrimination cases the Seventh Circuit has indicated that for the first prong of the *prima facie* case, instead of showing that he is a member of a protected class, a plaintiff must show "background circumstances" that indicate discrimination against the majority. *See Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 454-55 (7th Cir. 1999)(stating that "background circumstances" may exist if there is "'evidence indicating that the particular employer at issue has some reason or inclination to discriminate invidiously against whites [or men],' and 'evidence indicating that there is something fishy about the facts of the case at hand.'")(quoting *Harding v. Gray*, 9 F.3d 150, 153 (D.C. Cir. 1993)). In this case Ester has failed to offer evidence that would indicate that there were any background circumstances indicating discrimination against men. There was nothing fishy about the facts in this case. A panel, which was established to ensure a fair selection process, and in this instance was mostly made up of men, rated Pruitt, a female, as the most qualified applicant. Duncan merely accepted the recommendation of the panel in selecting Pruitt.

In addition, even if Ester were able to establish a *prima facie* case, Defendant has presented a legitimate non-discriminatory reason for the promotion of Pruitt.

Defendant contends that Pruitt was chosen for the position because she was the best qualified applicant. In response to this assertion, Ester utterly fails in his attempts to point to any evidence that would suggest that the given reason is a pretext. Ester admits that two of the three parties on the interview panel were men. Ester contends that Duncan preferred to hire women instead of men because Duncan liked to touch women and make jokes about them in their absence of a sexual nature. However, Ester's allegations in his 56.1 statement of additional facts in this regard consist solely of generalized statements about Duncan's behavior, and the affidavits used to support such allegations fail to offer a proper foundation and are inadmissable. There are no specific allegations indicating even an approximation of a time or place. Therefore, since the allegations are not properly supported by admissible evidence they are stricken pursuant to Local Rule 56.1. Also, regardless of whether the allegations are stricken, Ester's personal perception that Duncan generally liked to touch women employees and talk about them when not present would not be sufficient to convince a reasonable trier of fact that the given reason by Defendant was a pretext. Even if Ester could establish that Duncan liked to touch and talk about women employees, that is not sufficient in and of itself to convince a reasonable trier of fact, in light of the other circumstances in this case, that Duncan selected Pruitt because she is a woman. This is true particularly, since Duncan followed the recommendation of the interview panel comprised of mostly men. Had the panel recommended Ester, and had Duncan ignored the recommendation and instead chosen a woman, it would be a different matter. In addition, Ester was in

fact the lowest ranked candidate by the panel which makes it even less likely that Ducan would perceive Ester as the best candidate. It is clear that Ester has failed to meet his burden of showing that the given reason by Defendant was a pretext. Therefore, we grant the motion for summary judgment on the discrimination claim.

II. Retaliation Claim

A plaintiff can establish a prima facie case for retaliation under the direct or indirect method of proof. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003). Ester has not presented evidence sufficient to proceed under the direct method and will need to proceed under the indirect method of proof. A plaintiff can establish a prima facie case under the indirect method by showing that: 1) he engaged in protected activity, 2) his job performance met the legitimate expectations of his employer, 3) his employer took a materially adverse employment action against him, and 4) he was treated less favorably than similarly situated employees that did not engage in the protected activity. *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002)(citing *Stone v. City of Indianapolis Pub. Utils. Div. Div.*, 281 F.3d 640, 644 (7th Cir. 2002)). If a plaintiff establishes a prima facie case then the burden shifts to the defendant to produce a legitimate non-discriminatory reason and if one is produced, the burden shifts back to the plaintiff to show that the given reason is a pretext for discrimination. *Id.*

In this case Ester claims to have filed eight discrimination complaints prior to the denial of the promotion in 1994. He also indicates that he has filed four

9

discrimination claims after the denial of the promotion in 1994. Defendant does not contest the *prima facie* case. However, Defendant presented a legitimate non-discriminatory reason for choosing Pruitt. Defendant claims that Pruitt was the best qualified applicant. Ester in turn has failed to point to sufficient evidence showing that Defendant decided to promote Pruitt in order to retaliate against Ester because of his past discrimination complaints and thus Defendant's given reason was a pretext. As indicated above, the panel determination and other facts in this case negate any possibility of a reasonable trier of fact finding pretext. In addition, if Defendant truly wanted to retaliate against Ester for his past discrimination complaints, and Defendant wanted to be able to fix the interview process and make sure that Ester did not get the promotion, it would not be logical for Defendant to create the interview panel whose purpose was to ensure a fair selection process. Therefore, we grant the motion for summary judgment on the retaliation claim.

## CONCLUSION

Based on the foregoing analysis we grant Defendant's motion for summary judgment in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 15, 2004

10